In re the Petition for Immediate Transfer to Disability Status of David G. PYL-KAS, an Attorney at Law of the State of Minnesota.

No. C8–94–144.

Supreme Court of Minnesota.

Feb. 18, 1994.

*ORDER*

The Director of the Office of Lawyers Professional Responsibility has filed a petition with this Court for immediate transfer of David G. Pylkas to disability inactive status pursuant to Rule 28(b), Rules on Lawyers Professional Responsibility, which provides as follows:

> (b) This Court may immediately transfer a lawyer to disability inactive status upon proof that the lawyer has been found in a judicial proceeding to be a mentally ill, mentally deficient, incapacitated, or inebriate person.

The Director filed with the petition a copy of an order of the Ramsey County District Court, Probate Court Division, appointing coconservators of David G. Pylkas based on his being an incapacitated person.

The Court, having considered all the facts and circumstances of this matter, NOW ORDERS:

That David G. Pylkas is immediately transferred to disability inactive status pursuant to Rule 28(b), Rules on Lawyers Professional Responsibility.

SHAW LUMBER CO., Petitioner, Appellant,

v.

RJG CONSTRUCTION CO., INC., et al., Defendants,

James M. Boo, Jr., Respondent,

GenErik Heating & Cooling, Inc., Petitioner, Appellant.

No. C3–92–2248.

Supreme Court of Minnesota.

March 4, 1994.

Rehearing Denied May 6, 1994.

*ORDER*

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the order-opinion of the court of appeals filed on May 26, 1993 be, and the same is, reversed and the judgment entered in the Ramsey County District Court in favor of petitioner Shaw Lumber Company in the total amount of $33,636.31 and in favor of petitioner GenErik Heating & Cooling, Inc. in the total amount of $6,038.33 be, and the same is, reinstated. It is the view of this court that the trial court was fully aware of the nature and scope of the parties' stipulation, entered in open court, and of the effect of the final judgment entered pursuant to that stipulation, and under the recorded circumstances, the stipulation and the judgment entered in the trial court cannot be viewed as ambiguous. Accordingly, we affirm the trial court's findings that the defendant James M. Boo, Jr. breached the stipulation and violated the court order in which the stipulation was memorialized on the basis that those findings are amply supported by the record.

Reversed and judgment reinstated.